[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9617
Defendant Albert J. Criscio has filed a Motion for Summary Judgment on his special defenses which assert the claim that plaintiff Louis Fappiano may not avail himself of the remedy of Conn. Gen. Stat. Sec. 52-592
— the accidental failure of suit statute — for the asserted reason that he and his counsel were negligent by disobeying a court order, set out in a pre-trial notice that the plaintiff attend the pre-trial scheduled for June 20, 2000, and that the plaintiff's failure to attend was a continuing example of "the dilatory behavior . . . displayed throughout the handling of the case." The defendant argues further that inasmuch as Conn. Gen. Stat. Sec. 52-592 is unavailable in this case, the plaintiff's cause of action in negligence based upon a motor vehicle accident occurring in 1997 is time barred by the two-year limitation period set out in Conn. Gen. Stat. Sec. 52-584.
Plaintiff Louis Fappiano has filed an objection to the defendant's Motion for Summary Judgment as well as a Counter Motion for Summary Judgment. The plaintiff seeks a ruling that this case may proceed under Conn. Gen. Stat. Sec. 52-592.
 History of the Case
The present case is a refiling of an action which sought money damages for injuries allegedly sustained by the plaintiff from a rear-end automobile accident allegedly caused by the defendant on March 16, 1997. The plaintiff had been injured in an earlier automobile accident on April 19, 1985, and he had obtained a substantial financial recovery in an action brought by the attorney who represents him in this case. Plaintiff's counsel informed defendant's counsel of the names of the physicians who treated the plaintiff for injuries resulting from the prior accident. Plaintiff's counsel stated that because the matter had concluded more seven years previously he had destroyed his file of the prior accident and therefore he does not have the medical records of injuries from the April 19, 1985 accident. Nevertheless, the plaintiff provided the defendant with an authorization for those medical records. In supplementary responses to interrogatories the plaintiff disclosed on or about November 16, 1999 that the lawsuit for the earlier accident was filed in the Superior Court at New Haven, and that the defendant's last name was Moore.
Plaintiff Louis Fappiano who resides in Florida came to Connecticut and submitted to the taking of his deposition by the defendant on May 8, 2000. At that time he was seventy-six years of age. He did not remember a lot about his prior medical treatment. CT Page 9618
On June 8, 2000, the court heard a motion presented by the defendant seeking the production of medical records from the prior automobile accident. The court continued the hearing on the matter to July 20, 2001. The court stated that it would consider entering a non-suit if the records were not provided at that time. The court further stated that if the medical records were not so provided, testimony from the plaintiff and plaintiff's counsel would be required at the July 20 hearing as to their efforts made to obtain the records. Thereafter plaintiff's counsel sent a copy of a subpoena for the records to the medical providers.
Plaintiff Louis Fappiano attended a pretrial on June 9, 2000. On that day the parties were not able to engage in settlement negotiations because of the absence of his medical records from the 1985 motor vehicle accident. The office of the clerk on that day generated a written notice to counsel assigning the case for a pretrial on June 20, 2000. The notice contained an order requiring the attendance of all parties and their counsel.
Plaintiff's counsel appeared at the pretrial on June 20, 2000. On that day the court entered a judgment of nonsuit based upon the plaintiff's failure to obey the court order that he attend the pretrial scheduled for that day. At the hearing on the day of this pretrial the court noted that additional discovery materials concerning another accident involving the plaintiff — one in September of 1996 — may be outstanding. Plaintiff's counsel stated that he did not recall informing his client of the need to attend the pretrial. Plaintiff's counsel indicated that he had not been able to obtain the medical records necessary for a meaningful pretrial, and that his client's absence was not designed to defy' a court order.
The plaintiff filed a motion to open the judgment of nonsuit which was heard on July 20 — approximately one month later. At that hearing plaintiff's counsel stated in essence that he did not instruct his client to come from Florida to attend the June 20 pre-trial because he believed that the purpose of the June 20 pretrial was to monitor his performance in obtaining the discovery documents which he was instructed by the court on June 8 to bring to the hearing scheduled for July 20, 2001. Plaintiff's counsel stated that it was his intention to have his client come from Florida for the July 20, 2001 hearing.
After reviewing whether or not the court-ordered notice required the plaintiff to appear at the pretrial, and finding that it did, the court denied the motion to open the judgment of nonsuit. After hearing reargument the court did not change its ruling. Thereafter the plaintiff filed the present action under Conn. Gen. Stat. Sec. 52-592. CT Page 9619
 Finding and Ruling on Motions for Summary Judgment
The court finds that the plaintiff was negligent in not contacting the Clerk's office to resolve any doubt that he had relative to whether the June 9 notice for a June 20 pretrial requiring his client to be present was issued in error in light of his understanding that on June 8 the court indicated that it would seriously consider entering a nonsuit if the the medical records were not produced for the hearing scheduled for July 20, and that the court on that day intended to hear testimony from the plaintiff and his counsel as to their efforts to obtain any records that were not provided by then. It is clear from the transcript of the hearing on July 20 that the court did not find the June 9 notice to have been issued in error.
Having heard the parties through counsel, and having reviewed the foregoing facts, the court finds that the plaintiff's noncompliance with the court-ordered notice to appear for the June 20 pretrial was due to mistake or excusable neglect. See Ruddock v. Burrowes, 243 Conn. 569,576-577 (1998). From the foregoing facts, including the efforts made by plaintiff's counsel after the June 9 pretrial to produce the records for the continued discovery hearing scheduled for July 20, the court further finds that the aforesaid negligence of plaintiff's counsel does not rise to the level of disqualifying his client from the relief granted by Conn. Gen. Stat. Sec. 52-592.
For the aforesaid reasons the defendant's Motion for Summary Judgment is denied. Inasmuch as it is not necessary to act on the plaintiff's Counter Motion for Summary Judgment, the court declines to do so, and marks it off.
Clarance J. Jones, Judge